114　541
131　84

# Chartiers Township *versus* Langdon.

Under the Act of April 2d, 1869, P. L. 629, which provides for the construction and maintenance of foot walks in Chartiers township by the several taxpayers, the supervisors of the road deducting the cost of the same from the road tax of the person constructing the foot walk; the township is not required either to make or repair the same and, as the liability of a township results from the omission of a statutory duty, it is not liable for accidents that may happen by reason of negligence in the construction or the maintenance of said sidewalks.

October 27th, 1886.　　Before GORDON, TRUNKEY, STERRETT,

[Chartiers Township *v.* Langdon.]

GREEN, and CLARK, JJ.  MERCUR, C. J., and PAXSON, J., absent.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October Term, 1886, No. 63.

This was an action of trespass on the case brought by Joseph Langdon against Chartiers township, Allegheny county, to recover damages alleged to have been sustained by reason of the negligence of the supervisors of the road of said township in not keeping the foot walks along the public road in a safe and passable condition.  Plea not guilty.

The following are the facts of the case as they appeared on the trial before MAGEE, J.

On April 2d, 1869, the following Act of Assembly was approved:—

An Act to provide for the construction and maintenance of foot walks in Chartiers, Scott Union, and Robinson townships, Allegheny county.

Section 1.  Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania, in General Assembly met, and it is hereby enacted by the authority of the same.  That the supervisors of Chartiers, Scott, Union, and Robinson townships, Allegheny county, be and are hereby authorized and instructed to deduct from the road taxes of each taxpayer such sum as he may expend in making and keeping in repair foot walks on the public roads in said townships, to be constructed in the following manner, viz.: It shall be the duty of the taxpayer to furnish the supervisors a bill of the cost of the foot walk constructed by him, stating location, kind of material used, cost of same, *et cetera*, which bill, if not excessive, is to be deducted from his road tax; should the bill exceed the value of the work done, it shall be the duty of the supervisor to put a just valuation on the same; owners of teams, drivers or horsemen riding or trespassing on the foot walks of said townships, shall, for every offence, pay a fine or forfeit, not exceeding fifty dollars, recoverable in the name of the Commonwealth, at the instance of any person who will sue therefor, in the same manner as debts of like amount are recoverable with costs of suit; one half shall be paid to the person suing for and recovering the same, and the residue to the supervisors of the proper township, for the benefit of the foot walk of said township.

Under the provisions of this Act a board walk was built along the side of one of the public roads of Chartiers township and the plaintiff· below claimed that on account of the defective construction of the board walk, and its being out of repair, he was injured.  The board walk was built with plank about six-

teen feet long, laid lengthwise with the wagon-way, and was supported by cross-pieces, one under the center and one under each end of the plank. About the first of November, 1883, the plaintiff and two other persons were going home from their work, at about 4 o'clock in the afternoon, and one of the persons in front of the plaintiff stepped on one end of a plank in the board walk, the stringer under this end sinking, the opposite end was raised and caught the plaintiff's foot and tripped him. In falling some of his ribs were broken. For this injury suit was brought. The township defended for two reasons: 1st. Under the Act of Assembly the citizens are allowed to build foot walks and keep them in repair, and the township authorities have no control or supervision over them and are not required to repair them; and 2d. There was no defect in the board walk which would make the township liable, especially in view of the testimony of the plaintiff and three of his witnesses, that they had traveled over this board walk twice a day for several years and did not suspect any defect at the place where the plaintiff was injured.

The plaintiff presented *inter alia* the following point:—

2. It is the duty of the township authorities to so construct the board walks along the line of the public highways, at least when said township is authorized so to do by statute, so as not to endanger the lives or limbs of persons traveling along the said sidewalks, and if the board walk at the date of the accident was in an unsafe condition, resulting from faulty construction, and by reason thereof the plaintiff was tripped, or thrown down, causing him great injury and suffering, the verdict of the jury should be for the plaintiff.

Affirmed. If the duty was upon the township, or they assumed it, they were bound to build a walk, free from faulty construction, or such construction as would endanger the community traveling upon the walk.

The defendant presented, *inter alia*, the following points:

4. That if the board walk was built under the provisions of the Act of Assembly of April 2d, 1869, P. L., page 625, the plaintiff cannot recover and their verdict should be for the defendant.

Refused. (Second assignment of error.)

5. That under all the evidence the verdict should be for the defendant.

Refused. (Third assignment of error.)

Verdict for the plaintiff in the sum of $349, and judgment thereon, whereupon the defendant took this writ assigning for error the answer of the court to the points of the plaintiff and the points of the defendant as shown above.

*Thomas Herriott* for plaintiff in error.—It is an almost universal rule that municipal corporations are not liable to a civil suit for damages for an accident caused by defective highways, except as imposed, either expressly or by necessary implication, by statute: Dillon on Mun. Cor., 3d. Ed. Sec. 963, 964, 996. This subject was very fully and carefully examined by GRAY, J., in Hill *v.* Boston, 122 Mass., 344, and this is shown to have been the rule ever since the earliest reported cases; the same rule is recognized in our own state in Rapho *v.* Moore, 68 Pa. St., 404, where AGNEW, J., says: "The duty devolving on a township to keep highways in repair is statutory, and therefore we must look to the statute for its nature and extent."

It is admitted that by the Act of June 13th, 1836, Purdon, page 1278, the township is required to keep its highways in repair, but this only requires it to keep a reasonably safe highway as contemplated by the road law outside of the foot walks allowed by this special statute. The township is not required to open and keep in repair the whole width of the road from side to side: Monongahela City *v.* Fischer, 111 Pa. St., 9.

*Fitzsimmons (Robb* with him) for defendant in error.—The Act of Assembly of June 13th, 1836, Sec. 6, P. L., 556, provides that "all public roads or highways made, or to be made, shall at all seasons be kept clear of all impediments to easy and convenient passing and re-passing, at the expense of the respective townships, as the law shall direct."

The duty of the supervisor under this and other sections of the Act, as well as the Act of 1834, is to personally guard the public highways from obstructions, such as would endanger the life and limb of travelers; should there be dangerous foot walks constructed therein, his obvious duty is either to remove or cause the same to be removed without delay or to put the same in good repair. If such were not declared to be their duty under a plain construction of the statute, then any number of dangerous man-traps or pitfalls could be constructed or put along and on our public highways by officious persons, and travelers would be lured to their injury or death: Dean *v.* New Milford Township, 5 S. & R., 545; The Mayor of Lynn *v.* Turner Company, Cowp., 86; Norristown *v.* Moyer, 17 P. F. S., 356; Born *v.* Plank Road Co., 12 W. N. C., 283.

Due care must be taken to guard the public from the danger, and if this be left undone the corporation is answerable for the injury occasioned by the obstruction if sufficient time had elapsed for the corporation by reasonable vigilance to have discovered the obstruction and provided a safeguard: Born *v.*

Plank Road Co., 12 W. N. C., 284; Kendall v. Lucas Co., 26 Iowa, 395; Fennimore v. New Orleans, 20 La. Am. Rep., 124: City of Lacon v. Rye, 48 Ills., 499; Fritsch et ux. v. City of Allegheny, 8 W. N. C., 318; Scott Township v. Montgomery, 9 Id., 389.

But, when ignorance of the defect is the result of omission of duty, actual knowledge of its existence is not an essential to the fixing of such liability.

Mr. Justice TRUNKEY delivered the opinion of the court, November 13th, 1886.

It is the statutory duty of supervisors of townships to open public roads as soon as practicable after they are laid out, approved and entered on the record of the court. Also to keep said roads constantly in repair, and at all seasons to keep them clear of all impediments to easy and convenient passing and traveling. Under the general statute, should there be dangerous foot walks constructed on the public roads, if the supervisors would not be bound to put them in repair, it would be their duty to remove them without delay. No man has a right, without authority of the supervisors, to occupy the public road with board walks. The duties of the supervisors are sharply defined, and they are clothed with authority to raise money by taxation for the carrying out of those duties.

At the outset in this case the plaintiff is met by the local statute of April 2d, 1869, entitled "An Act to provide for the construction and maintenance of foot walks in Chartiers, Scott, Union and Robinson townships, Allegheny county." This Act instructs the supervisors "to deduct from the road taxes of each taxpayer such sum as he may expend in making, and keeping in repair, foot walks on the public roads in said townships, to be constructed in the following manner, viz: It shall be the duty of the taxpayer to furnish the supervisors a bill of the cost of the foot walk constructed by him, stating location, kind of material used, cost of same, et cetera, which bill if not excessive, is to be deducted from his road tax; should the bill exceed the value of the work done, it shall be the duty of the supervisor to put a just valuation on the same."

The Act does not empower the supervisors to make foot walks or keep them in repair; it authorizes, not requires, taxpayers to make foot walks; and if they do make them it is their duty to keep them in repair. Of course, the intendment is that they shall make only such as are safe. If, instead, they should construct or maintain dangerous man-traps or pitfalls, the law provides a remedy for the public against the wrong-doers; and, also, under some circumstances, for a person who may be specially injured by the nuisance.

4 AMERMAN—35

But the supervisors are not authorized to determine what material shall be used, or how the walks shall be made. Everything is intrusted to the judgment of the taxpayer who is required in his bill to state "location, kind of material used, cost of same, *et cetera*." Undoubtedly, if the supervisors found on the location a nuisance instead of a foot walk, they could refuse to deduct the cost from the tax; but if the work is a foot walk, reasonably safe, the Act compels the supervisors to deduct the cost, or just valuation. Nothing in the Act requires the foot walks to be built subject to the approval of the supervisors; placing a value on work and material does not mean approval. Nor does the Act enable the supervisors to direct who of the taxpayers may make foot walks, or where they shall be made; all is left to the judgment or caprice of each taxpayer. And it cannot be known until the close of the business of the year how much of the taxes levied in such year, will be put into foot walks. The supervisors cannot appropriate a certain proportion, or a certain amount, for that purpose.

The contingent and uncertain receipts which may possibly arise from penalties for trespasses on the foot walks, constitute the only fund that can come into the hands of the supervisors "for the benefit of the foot walks of said township." That provision, whatever it means, does not imply authority in the supervisors to do what is expressly committed to the taxpayers.

In providing "for the construction and maintenance of foot walks" in Chartiers township, no duty is imposed on the supervisors to see that said walks are made and kept in safe condition. The liabilities of townships result from omissions of statutory duty. To the extent of the operation of the Act of April 2d, 1869, it interferes with and supplies the provisions of the general statute relative to the powers and duties of supervisors.

The plaintiff contends that the testimony does not indicate who constructed the foot walk; that it may be assumed that it was built by the township; and that the supervisors had assumed charge of the walk for years before he was injured. All that may be so, yet the cause was not tried as if the foot walk had been constructed by the township. Both parties presented points with reference to the local Act of 1869, the plaintiff asking instructions respecting the powers and duties of supervisors under said Act.

Judgment reversed.