## Chartiers & Robinson Township Turnpike Road Company, Plff. in Err., *v.* John Nester.

A turnpike company which permits foot walks to be laid along its line is bound either to keep them in such reasonable repair that accidents may

---

Cited in Providence & A. Turnp. & Pl. Road Co. v. Flanagan, 2 Lack. Legal News, 101.

NOTE.—No authority is given generally to township authorities to construct foot walks, and the township is not liable, therefore, for injuries arising from defects therein (Chartiers Twp. v. Langdon, 114 Pa. 541, 7 Atl. 84); nor are the supervisors (Langdon v. Chartiers Twp. 131 Pa. 77, 18 Atl. 930).

not happen on them, or else to see that they are altogether removed; and a neglect in this regard will render the turnpike company liable for injuries resulting from the lack of repair to the foot walks.

(Decided November 15, 1886.)

Error to the Common Pleas No. 1 of Allegheny County to review a judgment on a verdict for the plaintiff in an action of trespass on the case for negligence. Affirmed.

At the trial before Stowe, P. J., the following facts appeared:

The defendant constructed a turnpike in Chartiers township in 1859, running from Pittsburgh to Chartiers creek. About 1877 the Pittsburgh & Lake Erie Railroad was built between the turnpike and the Ohio river. Near the city line, and at the place where the plaintiff was injured, the railway company had cut away part of the turnpike in constructing its road, so that this was the narrowest part of the pike. There was a perpendicular cut of eight to ten feet here, from the pike down to the railroad. A board walk that had been constructed along the side of the pike was, in consequence of the grading for the railroad, moved over further on the turnpike, and on the traveled portion of the same. In 1879 a supervisor of Chartiers township rebuilt the board walk all along the turnpike, and at the place of the accident the defendant company propped up and supported the turnpike by a cribbing of logs, and replaced the board walk, which had been removed for the time, so that it was on the turnpike and resting on the cribbing. A railing, consisting of a half-inch board three inches wide, nailed to upright pieces of board, had been erected along the road—it did not appear by whom—and at the time of the accident, had fallen to pieces at places, but was still standing at the place where the plaintiff suffered this injury.

On June 5, 1885, the plaintiff was walking along the board walk on defendant's turnpike, when the board walk, being decayed and out of repair, sank on the outside, pitching the plaintiff against the railing, which, being insecure, gave way; and the plaintiff fell to the railroad below, sustaining injury. For that injury this suit was brought.

The declaration contained two counts; the first, alleging negligence on the part of the defendant in permitting the side walk

and board walk and the railing and posts to fall into decay and become out of repair, and in permitting the earth and supports under said walk to be removed; and, in the second count, in not erecting and maintaining barriers and railing where necessary. Act of March 19, 1859 (P. L. 183).

The plaintiff offered the charter making the defendant subject to the general act of 1849, and gave evidence to support the allegations of the *narr.*

The defendant presented the following points:

"1. Under the evidence in this case the verdict should be for the defendant." *Ans.* "Refused."

"2. If the jury believe under the evidence that the board walk at the place of accident was constructed under authority of the act of April 2, 1869, by the township of Chartiers, then the obligation to keep the same in repair is on the township, and plaintiff cannot recover against defendant." *Ans.* "Refused, if you believe the defendant allowed the township to build the sidewalk."

The court charged the jury, *inter alia,* as follows:

"If you believe the defendant acquiesced or assented,—as the testimony shows, consented,—to the construction of this sidewalk, it then became its duty to prevent its getting in an obviously, and manifestly unsafe condition, and if the plaintiff was hurt as claimed, by reason of the walk breaking down in the manner described, he is entitled to recover whatever the jury may think he ought to have for the pain and suffering he has endured, the lost time and whatever doctor's bill was incurred."

The assignments of error specified the answers to the defendant's points and the portion of the charge given above.

*W. B. Rodgers* and *J. K. P. Duff,* for plaintiff in error.—A turnpike company is not required to make any special walk for foot passengers. It is not compelled to grade its whole width, nor to keep more than a sufficient portion of the middle in smooth condition and safe and convenient for travel. Monongahela City v. Fischer, 111 Pa. 13, 2 Cent. Rep. 79, 56 Am. St. Rep. 241, 2 Atl. 87.

A turnpike is a public highway. If abandoned by the company, it is to be kept in repair the same as if it was a country road. Pittsburgh, M. & Y. R. Co. v. Com. 104 Pa. 586.

So long as there is no interference with the franchise of a

turnpike company, the legislature may do with it such things as the public convenience requires.

In Hoeveler v. Pittsburgh, No. 2, October and November term, 1872 (not reported), the city of Pittsburgh filed a lien for paving the Greensburg turnpike, a toll road belonging to a turnpike corporation. The paving was authorized by special act of April 11, 1866 (P. L. 592), which did not contain any provision for compensation; and this court held the lien good, although Hoeveler had protested against the paving at the time.

It was held in Boston & A. R. Co. v. Greenbush, 5 Lans. 461, that the laying out of streets over a railroad under legislative authority, which expressly denies the right to compensation, is not in conflict with the constitutional provision that private property cannot be taken for public use without compensation, because the title to the land being limited to its use for the purposes of the railroad, is necessarily subject to the exercise of all those powers reserved to the legislature, to which the franchises of the company are subject.

The charter of the company was subject to the constitutional provision, allowing the same to be altered, provided no injustice was done to the corporators. The board walk in no way interfered with the franchise.

It can hardly be presumed that the legislature intended that this company should be chargeable with the duty to repair this walk. This would be an additional burden.

In Union Canal Co. v. Pine Grove Twp. 6 Watts & S. 560, it is held that where a canal crosses a county road by a bridge, which the company is to keep in repair, the company is absolved from that duty if the road becomes a state road, because making the road a state road increases the travel and consequent burden as regards the repairs of the bridge.

*W. D. Moore* and *F. C. McGirr,* for defendant in error.—In this case the testimony only of plaintiff and of two witnesses for the defense is printed, omitting testimony of seven of plaintiff's witnesses, and one of defendant's witnesses whose testimony was very favorable to plaintiff.

Where the refusal of the lower court to instruct the jury that under all the evidence the verdict should be for the defendant

is assigned as error, all the evidence must be printed by plaintiff in error before the supreme court can say whether or not there is error.   Davenport v. Wright, 51 Pa. 292; Smith v. Ege, 52 Pa. 419; Sorg v. First German Evangelical St. Paul's Congregation, 63 Pa. 156.

The act of 1869, providing for the construction of board walks in Chartiers township, affected only township roads.   Defendant's road was not a township road, and no taxes were assessed for its repair.

The board walk was not constructed under the act of 1869, for that act only authorizes the supervisors to deduct from the road taxes of any taxpayer such sum as he may expend in making or repairing foot walks on the township roads, when the taxpayer shall have rendered a proper bill to the supervisor—the supervisors are not authorized to build foot walks.

The legislature could not authorize or legalize the construction or maintenance of a nuisance or dangerous obstruction, such as this board walk was at the time of the accident.   In the case of Scranton v. Catterson, 94 Pa. 202, where the city defended, on the ground that the water plug which caused the injury was placed in the street by the water company, under authority of the legislature, and the city could not prevent the act, it was held, it mattered not who placed the obstruction in the street; that while the water company had a right to put a plug in the street, it had no authority to place and maintain an obstruction on the street.

It is no defense that a third party caused the obstruction or defect.   Oakland R. Co. v. Fielding, 48 Pa. 320; Newlin Twp. v. Davis, 77 Pa. 317; Scranton v. Catterson, 94 Pa. 202; Born v. Allegheny & P. Pl. Road Co. 101 Pa. 334.

A corporation bound in consideration of the franchise to keep a road or bridge in repair is liable to a person for injury, from want of repair, whether the defect be patent or latent, unless he be in default or the defect was from inevitable accident, tempest, or lightning, or the wrongful act of a third person of which it had no notice or knowledge; and this although ordinary care was used in the erection or repair, and the work was done by competent workmen under contract.   Pennsylvania & O. Canal Co. v. Graham, 63 Pa. 290, 3 Am. Rep. 549; Born v. Allegheny & P. Pl. Road Co. 101 Pa. 334; Susquehanna Depot v. Sim-

mons, 112 Pa. 384, 3 Cent. Rep. 140, 56 Am. Rep. 317, 5 Atl. 434.

A town or municipal corporation which directly authorizes an interference with a highway by another does so at its peril. Shearm. & Redf. Neg. § 400.

Where a rail or barrier is necessary for the proper security of travelers on the road, which from its nature would be otherwise unsafe, and the maintenance of which would have prevented the injury, it is negligence not to construct and properly maintain such barrier. Pittston v. Hart, 89 Pa. 389; Hey v. Philadelphia, 81 Pa. 47, 22 Am. Rep. 733; Aston Twp. v. McClure, 102 Pa. 322; Shearm. & Redf. Neg. § 391.

The case of Bishop v. Centralia, 49 Wis. 669, 6 N. W. 353, would seem to be against the right of plaintiff below to recover from the township.

PER CURIAM:

We have but recently decided (Chartiers Twp. v. Langdon, 114 Pa. 541, 5 Cent. Rep. 289, 7 Atl. 84) that under the act of April 2, 1869, the townships therein mentioned are not required either to make or repair foot walks along the sides of public roads, hence, are not liable for accidents that may happen on them. But were this different, the township supervisors had no power to enter upon and build side walks along the defendant's road; and if the turnpike company permitted such walks to be laid, it was bound either to keep them in such reasonable repair that accidents might not happen on them, or to see that they were altogether removed.

Judgment affirmed.