## Gaughens *v.* Lower Merion Township, Appellant.

*Negligence—Townships of the first class—Sidewalk—Ice—Constructive notice—Contributory negligence—Case for jury.*

1. Where a township of the first class, in pursuance of the Act of April 22, 1905, P. L. 283, constructs a sidewalk on a turnpike road with the written consent of the turnpike company, and subsequently permits ice to accumulate negligently on the sidewalk, and a pedestrian is injured thereby, the township is liable in damages, if the pedestrian has not been guilty of contributory negligence.

2. If in such a case the evidence shows that the negligent condition of the sidewalk had continued for a long time, and that the cartway

was rough, icy and dangerous to walk upon, the question of the township's negligence and the pedestrian's contributory negligence, is for the jury.

Argued Dec. 9, 1910.   Appeal, No. 250, Oct. T., 1910, by defendant, from judgment of C. P. Montgomery Co., June T., 1909, No. 5, on verdict for plaintiff in case of Mary Agnes Gaughens v. Lower Merion Township.   Before RICE, P. J., HENDERSON, MORRISON ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries sustained by a fall on an icy sidewalk.   Before WEAND, J.

Verdict and judgment for plaintiff for $1,225.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Rowland Evans,* for appellant.—We contend that the sidewalks laid on the Lancaster turnpike road, where this accident occurred, are under the care of the turnpike company just like the rest of its roadway, and that the township is not under any responsibility for them: Chartiers Twp. v. Langdon, 114 Pa. 541; Langdon v. Chartiers Twp., 131 Pa. 77; Chartiers & Robinson Turnpike Road Co. v. Nester, 7 Atl. Repr. 162.

There was not sufficient evidence to charge the township with constructive notice that the pavement was dangerous; in fact, the dangerous condition of the pavement had existed but a few hours before the accident occurred: Lohr v. Phillipsburg Borough, 156 Pa. 246; McCabe v. Philadelphia, 217 Pa. 140; Holbert v. Philadelphia, 221 Pa. 266.

The plaintiff was clearly guilty of contributory negligence: Dehnhardt v. Philadelphia, 15 W. N. C. 214; Hanson v. Warren Borough, 22 W. N. C. 133; Lerner v. Philadelphia, 221 Pa. 294; Erie v. Magill, 101 Pa. 616; Sickels v. Philadelphia, 209 Pa. 113; Dwyer v. Port Allegheny Borough, 216 Pa. 22.

*Samuel Scoville, Jr.*, for appellee.—A township of the first class is liable for a failure to maintain a sidewalk on any public highway within its limits free from obstruction and in a safe condition for the use of its citizens: McLaughlin v. Corry, 77 Pa. 109; Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306; Scranton Gas & Water Co. v. Scranton, 214 Pa. 586.

The township had constructive notice of the dangerous · condition of this pavement, and was guilty of negligence in not compelling the property owner to clean the same: McLaughlin v. Corry, 77 Pa. 109; Moore v. Philadelphia, 33 Pa. Superior Ct. 194; Bucher v. Sunbury Borough, 216 Pa. 89; Lockwood v. Bradford, 229 Pa. 13.

The plaintiff was not guilty of any contributory negligence: Bucher v. Sunbury Borough, 216 Pa. 89; Steck v. Allegheny, 213 Pa. 573; Holbert v. Philadelphia, 221 Pa. 266.

OPINION BY MORRISON, J., March 3, 1911:

This is an action of trespass brought by appellee against appellant to recover damages for injuries alleged to have been sustained by the appellee from a fall on a sidewalk located on the southerly side of the Lancaster turnpike road, in front of the property of Mrs. Clara Esrey, in the village of Bryn Mawr in the appellant township, the said walk having been constructed in pursuance of an ordinance passed by the board of township commissioners of said township, approved February 7, 1906, establishing sidewalks along both sides of Lancaster avenue. The appellant is a township of the first class under the provisions of the Act of April 28, 1899, P. L. 104. Said ordinance was enacted in pursuance of the Act of assembly of April 22, 1905, P. L. 283. The act was entitled, "To provide for the construction of sidewalks along turnpike roads in townships of the first class, where said roads pass through towns or villages." The first section of the act reads:

"Section 1. Be it enacted, etc., That in all cases where a turnpike road, managed and controlled by a private cor-

poration, runs through any town or village in any township of the first class, it shall be lawful for the board of township commissioners, having first obtained the written consent of the turnpike company or other corporation having control of such road, to ordain and establish sidewalks along either one or both sides of the turnpike road, within the lines of same, and to charge the cost of construction of such sidewalk to the owner of the abutting properties, according to the frontage of said properties, respectively."

It is agreed and stipulated by counsel for both parties that Lancaster pike is a turnpike road; that toll was charged on the same by a turnpike company and that it was a public highway passing through Lower Merion Township.

The learned counsel for appellant states the questions involved as follows: 1. "Where, pursuant to a township ordinance enacted by authority of the Act of April 22, 1905, P. L. 283, a sidewalk is constructed on a turnpike road with the written consent of the turnpike company, is the township responsible for an accident occasioned by ice on the sidewalk? 2. "In a suit against a municipality for damages for injuries from a fall on an icy sidewalk, where it appears from the testimony that the icy condition of the pavement resulted from a sudden drop in temperature occurring a few hours previously, following a thaw of several days, during which there was an accumulation of snow and slush, are the facts sufficient to charge the municipality or its officers with constructive notice of the defect which caused the accident? 3. "Is it contributory negligence for one who is perfectly familiar with the location and existing conditions to walk in broad daylight onto an icy pavement, where she falls and is injured?" We will consider these questions in the order in which they are stated.

As to the first question we are without doubt that if a plaintiff is free of contributory negligence, the township would be liable. It will be noticed that this turnpike road is conceded to be a public highway and that the section of the act of 1905 above quoted empowers the township com-

missioners, with the written consent of the turnpike company, to ordain and establish sidewalks along either one or both sides of the turnpike road, within the lines of the same, and to charge the cost of construction of such sidewalk to the owner of the abutting properties. Now this authority does not differ materially from that possessed by city and borough councils and nobody contends at the present time that a city or borough is not liable for injuries sustained by a person using one of the public sidewalks without negligence. The sidewalk in the present case was laid, not on the property of abutting owners, but in front of their property within the public highway.

Counsel for appellant cites and relies on Chartiers Twp. v. Langdon, 114 Pa. 541, but we do not think that case touches the question here involved. That decision arose under the Act of April 2, 1869, P. L. 625. In considering the liability of the township for injuries sustained by the alleged negligence of the supervisors of said township in not keeping the foot walks along the public road in a safe and passable condition, Mr. Justice TRUNKEY, speaking for the Supreme Court, said: "The Act does not empower the supervisors to make foot walks or keep them in repair; it authorizes, not requires, taxpayers to make foot walks; and if they do make them it is their duty to keep them in repair. Of course, the intendment is that they shall make only such as are safe. . . .

"In providing 'for the construction and maintenance of foot walks' in Chartiers township, no duty is imposed on the supervisors to see that said walks are made and kept in safe condition. The liabilities of townships result from omissions of statutory duty." That case was again before the Supreme Court in Langdon v. Chartiers Township, 131 Pa. 77, where the same doctrine was reaffirmed.

But in reference to townships of the first class the Act of April 28, 1899, P. L. 104, by express terms imposes the duty on the board of township commissioners to cause all public highways within the township, now or hereafter laid out by lawful authority, to be effectually opened and

constantly kept in repair at all seasons, and clear of all impediments to easy and convenient passing and traveling. And the third section of said act reads: "except so far as modified by the provisions of this act, all existing laws relating to townships shall continue in force until changed, modified or repealed, as to either class of townships, by legislation relating expressly thereto." Then comes the act of 1905 above referred to expressly conferring the power on the township commissioners to compel the construction of sidewalks by abutting property owners along the frontage of their properties along a highway like the one in question, and the commissioners having compelled the construction of the sidewalk on which the appellee alleges she was injured, we are unable to see on what theory of law the township can escape responsibility. It compelled, by ordinance, the construction of the sidewalk in question. In our opinion McLaughlin v. Corry, 77 Pa. 109, is applicable to the present case. That case recognizes the sidewalk in question to be a portion of the highway. The court then said: "That a municipal corporation, such as a city, borough, township, or county is liable for damages arising from the neglect of its officers in not keeping the streets, roads and bridges, over which it has jurisdiction, in proper repair, is established by many authorities;" citing several of them. That was a case for an injury on a sidewalk and it settles the question that the Supreme Court regarded a sidewalk as a part of the highway.

In Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306, speaking through RICE, P. J., this court construed the Act of April 28, 1899, P. L. 104, and in that opinion it was said: "Not only is it one of their expressly granted powers, but it is the expressly prescribed duty of the township commissioners, to cause all public highways within the township 'to be effectually opened and constantly kept in repair at all seasons, and clear of all impediments to easy and convenient passing and traveling.' In view of this and other statutory provisions to which

we have referred, it cannot be doubted that the safe-keeping of the highways within its limits is, under the act of 1899, a township affair concerning which the township commissioners have power to legislate."

In McManus's App., 5 Pa. Superior Ct. 65, we held: "Nothing is better settled than that a turnpike road is a public highway, and every traveler has the same right to use it upon paying the toll established by law as he would have to use any other public highway. It cannot be closed by the company against public use, and if for any cause the franchises of the company are forfeited its road does not cease to be a public highway, but thenceforth is to be maintained in good order by the municipality within which it is located: Pittsburg, McKeesport & Youghiogheny R. R. Co. v. Com., 104 Pa. 583."

In the present case the township commissioners were empowered to construct a sidewalk and they did it, and under the authority of McDade v. Chester, 117 Pa. 414, and cases therein cited, the duty clearly rested on the commissioners to see that the sidewalk was kept in a reasonably safe condition: See 2 Dillon on Mun. Corps., sec. 789. In addition to this no right is given to a turnpike company to compel citizens to keep the sidewalks, constructed along the turnpike, clean. But the township commissioners have express authority to compel the citizens to keep their sidewalks in proper condition.

In Scranton Gas & Water Co. v. Scranton, 214 Pa. 586, the Supreme Court speaking of the power to regulate and control the streets in the interest of public health and safety, said: "Calling the legislative grant of privilege to use the streets a contract does not avoid the conditions on which the privilege is to be exercised. Whether such limitation or conditions be expressed in the grant or not is immaterial, for, as said in Butchers' Union Slaughter House Co. v. Crescent City Live Stock Landing Co., 111 U. S. 746, the power to control and regulate the streets so as to protect the public health, is one that cannot be bargained away by legislative or municipal grant. The power to control

them for the protection of public safety, if not the same, stands on equally high ground. All authorities agree that such right is both paramount and inalienable."

We conclude that the first class township defendant is clearly liable on the facts in the present case if the sidewalk was in an unsafe condition and had been so far a sufficient length of time to visit the township authorities with constructive notice, and if the plaintiff was not guilty of contributory negligence.

The second question involved, as stated by appellant's counsel, is readily disposed of. In that proposition the counsel has assumed the truth of certain testimony tending to show that the icy condition of the pavement resulted from a sudden drop in temperature occurring within a few hours. In this assumption he utterly ignores considerable testimony that this piece of sidewalk had been obstructed by ice and snow and in an unsafe condition nearly all winter and the accident occurred in March. Under the testimony the questions of the negligence of the township authorities and of constructive notice were for the jury. The learned court below recognized this and very clearly referred those questions to the jury. Under the instructions from the court the jury must have found that the sidewalk had been obstructed and in a bad condition for a long time. Therefore, appellant's counsel is not entitled to have the question of notice decided upon his assumption of fact. There was abundance of evidence to warrant the jury in finding that the bad condition of the walk had existed so long that the municipality was chargeable with constructive notice.

The remaining question is, the contributory negligence of the appellee. It is contended that, being perfectly familiar with the location and condition of the street and walks at the point of the accident, she was not justified in walking upon the sidewalk where she was injured. But this was a question of fact for the jury. Of course, nobody contends that appellee was bound to abandon the public highway on her trips between her home and the

place of her employment. In the circumstances, disclosed by the evidence, she was entitled to pass along this highway, and if she used such judgment and care as a reasonably prudent person would in like circumstances, she could not be declared, as a matter of law, guilty of contributory negligence. There is testimony from which the jury could, and evidently did, find that the street between the two sidewalks was rough, icy and dangerous to walk upon. And that the sidewalk opposite the place of the accident was not in good condition, and to reach it she must have crossed the rough and icy street, because her home was on the side of the highway where she fell. The jury could find, from her testimony, that she used her best judgment and exercised proper care in trying to pass over this walk and that she fell and was injured by reason of the rough, slippery ridges of ice that obstructed it. There is evidence that this sidewalk had been obstructed for a long time with snow and ice and that it had been thawing and freezing almost daily and nightly for a considerable time. The question of contributory negligence was properly and carefully submitted to the jury by the trial judge.

The views we have already expressed renders it unnecessary to discuss the request for a binding instruction in favor of the defendant, and the request for judgment non obstante veredicto. We are all of the opinion that the case was well tried and submitted to the jury by the court in a charge of which the appellant has no just ground of complaint.

The assignments of error are all dismissed and the judgment is affirmed.